E-FILED
Thursday, 01 March, 2012  04:29:22 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CHARLES W. HOSKINS,                     )<br>                                                          )<br>              Plaintiff,                             )<br>       v.                                                  )     Case No. 10-CV-2061<br>                                                          )<br>DANIEL BURRIS,                                 )<br>                                                          )<br>              Defendant.                         ) | |

**OPINION**

This case is before the court for ruling on the Motion for Summary Judgment (#39) filed by Defendant, Daniel Burris. The pro se Plaintiff, Charles W. Hoskins, has not filed a response to the Motion for Summary Judgment. This court has carefully considered Defendant's arguments and the documents filed. Following this careful and thorough consideration, Defendant's Motion for Summary Judgment (#39) is GRANTED. In addition, Defendant's Petition for Attorneys' Fees (#35) is GRANTED and Plaintiff is ordered to pay Defendant's attorneys' fees in the amount of $406.50.

FACTS

Plaintiff filed a pro se Complaint (#1) on March 17, 2010, alleging a variety of claims against multiple defendants. On July 22, 2010, this court conducted a merit review of Plaintiff's Complaint and found that Plaintiff could "proceed only on his claim of due process against the defendant, Daniel Burris." In his Complaint, Plaintiff alleged that the way Defendant conducted his disciplinary hearing violated his constitutional right to due process.

On November 29, 2011, Defendant filed a Motion for Summary Judgment (#39).

Defendant argued that he was entitled to summary judgment on Plaintiff's claim because the undisputed facts showed that Plaintiff was given notice and an opportunity to be heard at his disciplinary hearing. Defendant stated that it was undisputed that Plaintiff received notice of the charge against him and had an opportunity to be heard at the disciplinary hearing conducted by Defendant on April 15, 2008. In support of the Motion for Summary Judgment, Defendant attached lengthy exhibits, including a transcript of Plaintiff's deposition, which was taken on August 15, 2011. The transcript shows that, during his deposition, Plaintiff testified that Defendant was an impartial officer when he presided over Plaintiff's disciplinary hearing. Plaintiff also testified that he did not present witnesses at the disciplinary hearing because he saw no reason to. He testified that he felt like he could ask questions of Defendant at the disciplinary hearing had he wanted to, but he did not ask any questions.

On November 30, 2011, a Notice (#41) was sent to Plaintiff by the clerk of this court. The Notice stated:

> NOTICE IS HEREBY GIVEN that a case-dispositive motion (such as a motion for summary judgment or motion for judgment on the pleadings) has been filed. See Fed.R.Civ.P.12(b)(6), Fed.R.Civ.P.56; Fed.R.Civ.P12(c). Please be advised that you have **twenty-one (21)** days from the date of filing to respond to the motion. If you do not respond, the motion, if appropriate, will be granted and the case will be terminated without a trial. See, generally, Lewis v. Faulkner,

689 F. 2d 100 (7th Cir. 1982); <u>Timms v. Frank</u>, 953 F. 2d 281 (7th Cir. 1992). Under the court's local rules, a motion is deemed to be uncontested if no opposing brief is filed. <u>See</u> L.R. CDIL 7.1(D)(2).

When a motion for summary judgment is made and properly supported, you must not simply rely upon the allegations made in your complaint. Rather, you must respond by affidavit(s) or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, a copy of which is attached. Your response must set forth specific facts showing that there is a genuine issue of material fact for trial. If you do not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment. **See Fed. R. Civ. P 56(e) and L.R. 7.1(attached)**.

A copy of Rule 56 of the Federal Rules of Civil Procedure and a copy of Rule 7.1 of the Local Rules of the Central District of Illinois were attached to the Notice.

On December 2, 2011, a telephone status conference was held. This court allowed Plaintiff until December 30, 2011, to filed his Response. Plaintiff has not filed a Response to the Motion for Summary Judgment and the time allowed for doing so has passed.

ANALYSIS

I.  SUMMARY JUDGMENT STANDARD

Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois provides:

> Within 21 days after service of a motion for summary judgment, any party opposing the motion must file a response. A failure to respond will be deemed an admission of the motion.

The Seventh Circuit has repeatedly held that such a rule is "entirely proper." Doe v. Cunningham, 30 F.3d 879, 882 (7th Cir. 1994). Further, when the non-movant does not respond to the movant's statement of facts, the non-movant concedes the movant's version of the facts. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994); Columbia Pictures Indus., Inc. v. Landa, 974 F. Supp. 1, 3 (C.D. Ill. 1997). Plaintiff was sent a Notice informing him of the consequences of failing to respond and was allowed additional time to file his response. Plaintiff nevertheless has not filed a response and has not responded to Defendant's statement of undisputed relevant facts.

However, a party's failure to submit a timely response to a motion for summary judgment does not automatically result in summary judgment for the moving party. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995); see also Archer Daniels Midland Co. v. Whitacre, 60 F. Supp. 2d 819, 823 (C.D. Ill. 1999). It remains "the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law." Doe, 30 F.3d at 883. Accordingly, the district court must make the further finding that summary judgment is proper as a matter of law. LaSalle Bank, 54 F.3d at 392, quoting Wienco Inc. v. Katahn Assocs., Inc., 965 F.2d 565, 568 (7th Cir. 1992).

Summary judgment is appropriate "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." Waldridge, 24 F.3d at 920.

## II. MOTION FOR SUMMARY JUDGMENT

In this case, Defendant has provided detailed supporting documentation to establish that Plaintiff is entitled to no relief in this court. The undisputed evidence presented by Defendant shows that Plaintiff had notice of the disciplinary charge against him and had the opportunity to be heard at the disciplinary hearing conducted by Defendant. Plaintiff admitted during his deposition that Defendant was an impartial officer when he presided over Plaintiff's disciplinary hearing.

This court has carefully reviewed all of the documentation submitted by Defendant as well as Defendant's citations of authority. Following this careful review, this court concludes that Defendant has met his burden to show that no genuine issue of material fact exists which requires a trial. This court specifically concludes that the undisputed evidence shows that Plaintiff's due process rights were not violated in any way. Based upon the undisputed facts and the applicable case law, this court agrees with Defendant that he is entitled to judgment on Plaintiff's claim as a matter of law.

## III. PETITION FOR ATTORNEYS' FEES

On June 16, 2011, Defendant filed a Motion to Compel (#34). Defendant set out numerous instances where Plaintiff failed to comply with his discovery obligations and

attached supporting documentation. On June 17, 2011, this court granted Defendant's Motion to Compel (#34) and ordered Plaintiff to respond to all outstanding discovery within 14 days. This court stated that Plaintiff had already been warned that, if he failed to comply with discovery, his lawsuit would be dismissed with prejudice. On July 29, 2011, Defendant filed a Motion for a Rule to Show Cause and for Extension of Fact Discovery and Dispositive Motion Deadlines and Petition for Attorneys' Fees (#35). In the Motion, Defendant detailed Plaintiff's failure to comply with this court's Order of June 17, 2011. Defendant requested that Plaintiff appear and show cause as to why he should not be held in contempt for violating the court's order or, in the alternative, why his case should not be dismissed for lack of subject matter jurisdiction because it appeared that he had no damages. Defendant also requested an extension of fact discovery and dispositive motion deadlines, noting that Plaintiff's deposition had not been taken and would be noticed for August 15, 2011. Defendant also asked this court to award $406.50 in attorneys' fees, the fees incurred in filing Defendant's Motion to Compel. Defendant attached documentation showing the amount of time and hourly rate charged for filing the Motion to Compel.

     This court extended the time for Defendant to file a dispositive motion, and Defendant's Motion for Summary Judgment was filed on November 29, 2011. This court took the Motion for Rule to Show Cause, and the request for attorneys' fees, under advisement. Plaintiff has not filed a response to the request for attorneys' fees. After careful review of the record in this case, this court concludes that the record shows that Plaintiff failed to comply with his discovery obligations in a timely manner so that Defendant had no choice but to file the Motion to Compel. This court therefore concludes that Defendant has

adequately shown that Plaintiff should pay his attorneys' fees in the amount of $406.50.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Summary Judgment (#39) is GRANTED. Judgment is entered in favor of Defendant and against Plaintiff.

(2) Defendant's Petition for Attorney's Fees (#35) is GRANTED. Plaintiff is ordered to pay Defendant's attorneys' fees in the amount of $406.25.

(3) This case is terminated.

ENTERED this 1st day of March, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE